GUY and WAGNER, JJ., concur.

Judgment reversed and new trial ordered.

---

DAVID WAGNER et al., Plaintiffs, Appellants, *v.* THIRD AVENUE RAILROAD COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, April 29, 1924.

Motor vehicles — actions by occupants of taxicab for personal injuries suffered when trolley car struck cab — negligence of chauffeur not imputable to occupants — instructions, relieving street railway company from liability, regardless of negligence of motorman, erroneous.

The negligence of the chauffeur of a taxicab is not imputable to the occupants.

A charge to a jury in an action by occupants of a taxicab for personal injuries suffered when a street railway car collided with the taxicab which permitted a verdict for the defendant railway company upon the proof of the chauffeur's negligence, irrespective of the conduct of the motorman, is erroneous.

APPEAL by the plaintiffs from judgments of the Municipal Court of the city of New York, borough of Manhattan, eighth district,

in favor of the defendant entered on verdicts after trial by the court and jury.

*Bachmann & Robinson*, for the appellants.

*Alfred T. Davison (Oliver R. Brant*, of counsel), for the respondent.

*Per Curiam.* In view of the sharp dispute of fact as to how the accident occurred, it was of prime importance that the law applicable thereto be clearly and correctly charged. The plaintiffs were occupants of a taxicab, and, since the negligence of the chauffeur was not imputable to them, the question of his contributory negligence had no place in the case.

In one portion of the main charge the learned court charged that, if the jury found that the accident was due to the carelessness and negligence of the taxicab driver, the plaintiffs were debarred from recovery. In connection with the subsequent request of defendant's counsel, the charge by the court, with exception taken, that " even if the trolley car increased its speed, and the driver saw it, and the taxicab was far enough away so it could be stopped, it was the duty of the driver of the taxicab to get the car under control, and not the motorman of the trolley, and to give the trolley car the right of way," was erroneous, because it permitted a verdict for the defendant upon proof of negligence of the chauffeur, irrespective of the conduct of the motorman.

Judgments reversed and new trial ordered, with thirty dollars costs as of one appeal to appellants to abide the event.

All concur; present, GUY, WAGNER and WASSERVOGEL, JJ.

Judgments reversed and new trial ordered.